UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

    Plaintiff,

v.   Case No.:  2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT COURT
ADMINISTRATION,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant 20th Judicial Circuit Court Administration's (the "Circuit") Motion to Dismiss (Doc. 11) and Plaintiff Keiron Jackman's response in opposition (Doc. 12).  For these reasons, the Court grants the Motion.

This is an employment discrimination case.  Jackman is proceeding pro se.[2]  In the Complaint, he brings three state-law claims against the Circuit: (1) discrimination in violation of Florida Civil Rights Act ("FCRA"); (2) retaliation in violation of FCRA; and (3) hostile work environment in violation of FCRA.  (Doc. 1 at 16-22).  There is no diversity.  But according to Jackman, the Court has federal-question jurisdiction.

A motion to dismiss under Rule 12(b)(1) attacks a court's subject-matter jurisdiction.  *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] It appears Jackman might be a licensed lawyer.  If so, he would not get the liberal construction pro se litigants usually enjoy.  *E.g.*, *J&M Assocs., Inc v. Romero*, 488 F. App'x 373, 375 (11th Cir. 2012).  Given the lack of clarity and in the interest of caution, however, the Court will afford Jackman the typical pro se treatment for this Order.  *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

These challenges take two forms—facial and factual. *Id.* at 1239. On a facial attack, like the one here, "the Court takes the allegations in the complaint as true." *Id.*

Federal courts have limited jurisdiction, possessing only the power granted by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). By statute, jurisdiction lies over federal questions, which are "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, a federal-question case rests on a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). For example, a Title VII claim presents a federal question. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 & n.7 (2019). Yet the federal question must appear on the face of a well-pled complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

Here, there is no federal question on the face of the Complaint. Jackman specifically pleads three state-law claims. While those are analyzed like federal law, *Holland v. Gee*, 677 F.3d 1047, 1054 n.1 (11th Cir. 2012), FCRA claims do not arise under federal law, *Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1341-44 (S.D. Fla. 2019). So there is no federal-question jurisdiction based on the claims alleged.[3]

Jackman makes several arguments in response. But all fall flat.

First, Jackman argues the Court "has jurisdiction to review discrimination claims." (Doc. 12 at 1). But discrimination allegations alone do not vest federal courts with jurisdiction. Rather, discrimination cases with diversity or presenting federal questions

---

[3] Jackman clarified he is not pleading jurisdiction under a *Grable* or *Gunn* theory (Doc. 12 at 3), so the Court will not conduct that analysis. *Cf. Damaso v. Costco Wholesale Corp.*, No. 2:19-cv-574-FtM-38NPM, 2019 U.S. Dist. LEXIS 182453 (M.D. Fla. Oct. 22, 2019) (analyzing a *Grable*-jurisdiction case).

empower federal courts to hear the controversy. See 28 U.S.C. §§ 1331-1332.[4] For instance, both discrimination cases Jackman cites for his extraordinary proposition had Title VII claims (i.e., they presented federal questions). *See generally* (Doc. 12 at 1-2). So the Court rejects the notion it has jurisdiction just because Jackman alleges discrimination.

Next, Jackman argues he cited Title VII. In any event, says Jackman, complaints "need not in detail the precise theory giving rise to recovery, and all that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Brisk v. Shoreline Found., Inc.*, 654 F. App'x 415, 417 (11th Cir. 2016). Yet that general principle is inapposite here. There is no mention of, or allusion to, Title VII in any of the three claims Jackman pled. Rather, the Complaint specifically cites the precise statute underlying the theories of Jackman's claims—FCRA alone. (Doc. 1 at 16-22). Judges are not fortune tellers reading the tea leaves to make out federal claims. So this Court will not divine one where none was pled. Instead, Jackman is the master of his Complaint, so he was free to plead only FCRA claims like he did. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). If Jackman intended to bring Title VII claims, the Complaint doesn't cut it.

To be sure, the Complaint discusses Title VII in the factual allegations. It even alleges Jackman received an Equal Employment Opportunity Commission ("EEOC") right to sue for the alleged FCRA claims, along with Title VII charges. (Doc. 1 at 2). So perhaps Jackman has a Title VII cause of action. Yet in federal court, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[4] The Court recognizes its jurisdiction over certain civil rights cases. 28 U.S.C. § 1343. But neither party makes argument that jurisdiction exists on that basis.

R. Civ. P. 8(a)(2). Likewise, a complaint must set out its claims in separate, numbered paragraphs. Fed. R. Civ. P. 10(b). At bottom, a complaint must "give the defendant fair notice of what the claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration accepted and citation omitted). As drafted, the Complaint does not put the Circuit on notice of any Title VII claims. If Jackman aims to pursue relief under that statutory scheme, he must make the claims clear.

Finally, the Circuit does not ask to dismiss the case outright. Jackman is pro se. *Supra* at 1 n.2. And the Court cannot say that an amendment would be futile. So the Court grants leave to amend. 28 U.S.C. § 1653; *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**.
2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.
3. Plaintiff may file an amended complaint **on or before March 31, 2020. The failure to file a timely, sufficient amended complaint may result in the case being closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record