UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

       Plaintiff,

v.                                                    Case No.:  2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT COURT
ADMINISTRATION, SCOTT A
WILSKER, SUZANNE EDERR and
NICHOEL FORRETT,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants 20th Judicial Circuit Court Administration ("20th Judicial Circuit"), Scott A. Wilsker ("Wilsker"), Suzanne Ederr ("Ederr"), and Nichoel Forrett's ("Forrett") Motion to Dismiss filed on May 13, 2020.  (Doc. 34).  Plaintiff Keiron Keith Jackman ("Jackman") responded in opposition on June 17, 2020.  (Doc. 40).  For the following reasons, the motion is granted.

## BACKGROUND

Jackman brings this *pro se* discrimination action against his former employer, 20th Judicial Circuit, and its employees who either directly supervised Jackman or had some involvement with his firing.  (Doc. 30).  As a black male, Jackman asserts he was treated less favorably than his white female counterparts during his tenure as a staff attorney.  (*Id.*).  In his Amended Complaint, Jackman brings discrimination claims under the Civil

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Rights Act of 1866 and 1871[2], Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA").  (*Id.* at 22-27, 30-32).   He also alleges conspiracy under 42 U.S.C. §§ 1983 and 1985(3), a civil rights claim under 42 U.S.C. § 1986, and state law claims for negligent supervision/retention and false information negligently supplied for the guidance of others.  (*Id.* at 28-30).

Now, Defendants move to dismiss the Amended Complaint.  (Doc. 34).   They argue (1) Jackman is barred from seeking relief against Defendants Wilsker, Ederr, and Forrett in their individual capacities under Title VII and the FCRA (Counts I-III and VI-VIII), (2) Jackman fails to state a claim for conspiracy (Count IV), (3) Florida law does not recognize a claim for negligent failure to prevent or remedy discrimination in the workplace (Count V), (4) the 20th Judicial Circuit is immune from suit as to Counts II and IV, and (5) the Amended Complaint is an impermissible shotgun pleading.  The Court addresses each argument below.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation.  The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   A

---

[2] The Civil Rights Act of 1866 is codified in 42 U.S.C. § 1981, and the Civil Rights Act of 1871 is codified in 42 U.S.C. § 1983.

claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

Before turning to the merits, the Court notes Jackman's response in opposition is both untimely and unsigned.  The Court has already admonished Jackman for not signing papers.  (Doc. 39).  A party's pro se status is no excuse for failing to follow procedural rules.  *E.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  While the Court will exercise leniency and consider the response, Jackman should consider this his final warning on failing to comply with the Court's procedural rules.

### 1. Shotgun Pleading

To start, Defendants maintain the Amended Complaint is a shotgun pleading.  This is true.  Jackman not only fails to make distinction under each count as to the four named Defendants, but he improperly lumps Defendants and claims together under several counts.  Such pleading practice is generally inappropriate.  And here, the pleading makes it virtually impossible to know which claims are alleged against whom.  If Jackman wishes to file a Second Amended Complaint, he is directed to (1) plead each claim under a separate count, (2) specify under each count which material facts support each claim, and (3) clearly identify which claim applies to each Defendant.

### 2. Counts I-III & VI-VIII – Discrimination under Title VII and the FCRA

Plaintiff sues Defendants Wilsker, Ederr, and Forrett in their individual capacities. (Doc. 30 at 1).  Defendants argue Jackman is barred from seeking relief against these individuals for discrimination under Title VII (Counts I-III) and the FCRA (Counts VI-VIII) because neither statute allows individual-capacity suits.[3]  (Doc. 34 at 7-8).  The Court agrees.

"Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991); *see Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006) (holding that *Busby* applies to all employers, both public and private).  The case is the same for suits against individuals under the FCRA.  *See Lapar v. Potter,* 395 F .Supp. 2d 1152, 1160 (M.D. Fla. 2005).  Because Jackman seeks to impose individual liability under these statutes, his claims are due to be dismissed.

To the extent that Jackman asserts he seeks relief against Defendants Wilsker, Ederr, and Forrett in their official capacities under Title VII and the FCRA, such claims are superfluous.  The proper way for a plaintiff to recover under Title VII and the FCRA is by naming the employer, either by naming the employer directly or supervisor agents of

---

[3] Under Count II, Plaintiff also brings a claim for retaliation pursuant to 42 U.S.C. § 1981. (Doc. 30 at 24-26).  It is well established that there is no cause of action against state actors under 42 U.S.C. § 1981.  *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000) (citation omitted) (Section 1983 "constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981.").  Since § 1981 provides no different remedies against a state actor than § 1983, and they merge into one another, Jackman's claims against Wilsker, Ederr, and Forrett under § 1981 no longer exist and are due to be dismissed with prejudice.  *See e.g. Bailey v. Town of Lady Lake, Fla.*, No. 5:05-CV464-OC10GRJ, 2006 WL 2048250, at *3 (M.D. Fla. July 20, 2006) (citation omitted).  Jackman can proceed under § 1983 against Wilsker, Ederr, and Forrett in the next complaint.

the employer.  *See Busby*, 931 F.2d at 772; *see generally Lapar,* 395 F.Supp.2d at 1160.

A suit under Title VII and the FCRA brought against an employee as agent of the employer

is considered a suit against the employer itself.  *See Cross v. State of Ala. Dep't of Mental

Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Busby*, 931 F.2d at

772. "Where the employer is named, it then becomes unnecessary and redundant to

name the supervisors or managers in their official capacities as defendants in the

statutory discrimination claims because only the assets of the employer are available to

satisfy a plaintiff's claim and no additional relief may be obtained by naming the individuals

in their official capacities."  *Brooks v. CSX Transp., Inc.*, No. 3:09-CV-379-J-32HTS, 2009

WL 3208708, at *4 (M.D. Fla. Sept. 29, 2009) (citations omitted).

The actions by Defendants Wilsker, Ederr, and Forrett in their official capacities

are relevant to Jackman's claims, but it is pointless to keep these individual Defendants

in this suit when Jackman's employer is named.  *See Marshall v. Miller*, 873 F. Supp. 628,

632 (M.D. Fla. 1995) (dismissing Title VII claims against individuals in their official

capacities as unnecessary where sheriff was named as a defendant and represented the

department).   Considering the above, Jackman's claims against Defendants Wilkser,

Ederr, and Forrett in their individual and official capacities under Title VII and the FCRA

are due to be dismissed.

    *3.  Count IV – Conspiracy under 42 U.S.C. §§ 1983 and 1985(3)*

Next, Jackman brings a federal conspiracy claim under 42 U.S.C. §§ 1983 and

1985(3).  (Doc. 30 at 28-29).  Defendants argue Plaintiff fails to state a claim under Count

IV, and the Court agrees.  (Doc. 34 at 8-9).

In the Amended Complaint, Plaintiff asserts that he brings a claim of conspiracy under 42 U.S.C. §§ 1983 and 1985(3).  "To state a claim under § 1983, a litigant must allege a deprivation of a federal right by a person acting under color of state law."  *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 309 (11th Cir. 2005) (citation omitted). Under § 1985, a litigant must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) and an injury to his person or property or deprivation of any right or privilege of a citizen of the United States."  *Id.* (citation omitted).  Under both statutes, if a litigant fails to allege facts suggesting a meeting of the minds among multiple defendants, the court may dismiss the complaint.  *See* Mickens v. Tenth Judicial Circuit, 181 F. App'x 865, 876 (11th Cir. May 22, 2006) (citation omitted) ("The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal.").  A plaintiff cannot rest on "conclusory, vague, and general allegations of conspiracy" but must specifically allege an agreement between conspiracy defendants. *Id.*

Here, the Amended Complaint fails to allege a factual basis that suggests an agreement occurred between Ederr and Forrett.  Plaintiff avers that Ederr and Forrett participated in a conspiracy and lists a series of overt acts taken to advance the alleged conspiracy.  But the Amended Complaint neither alleges that Ederr and Forrett agreed to conspire to deprive Plaintiff of his civil rights, nor does it contain any factual allegations that suggest an agreement was reached by these individuals.  Plaintiff generally alleges that Ederr and Forrett conspired together and includes separate undertakings of each

person but shows no meeting of the mind between them.  This is insufficient to state a claim for conspiracy under §§ 1983 and 1985(3).  *See Jackson v. Dep't of Veterans Affairs*, No. 605CV1643ORL19KRS, 2006 WL 8448518, at *2 (M.D. Fla. June 26, 2006) (dismissing conspiracy claims under §§ 1983 and 1985(3) because plaintiff failed to allege any factual basis showing an agreement between conspirators); *Zajac v. Clark*, No. 2:13-cv-714-FtM-29DNF, 2015 WL 179333, at *7 (M.D. Fla. Jan. 14, 2015).  Count IV therefore does not survive.[4]

### 4. Count V – Negligence in Failing to Remedy Discrimination

Under Count V, Jackman brings a claim for "negligence in failing to remedy discrimination" against Defendant Wilsker.  (Doc. 30 at 29-30).  It is unclear what Plaintiff intends to allege.  When read extremely liberally in conjunction with the briefing, Count V appears to assert a civil rights claim under 42 U.S.C. § 1986 and state law claims for negligence supervision/retention and false information negligently supplied for the guidance of others.  Yet it is the pleading, not the briefing on a motion to dismiss, that must state a claim.  All three claims fail.

First, Plaintiff's claim under 42 U.S.C. § 1986 warrants dismissal.  "Section 1986 provides a cause of action against anyone who has knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." *Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir. 1997) (internal citation and quotation marks omitted).  "Section 1986 claims are

---

[4] Given this conclusion, there is no need to address the intracorporate conspiracy doctrine arguments.

therefore derivative of § 1985 violations." *Id.* at 1159-60.  Here, because Plaintiff has not

pled an actionable § 1985(3) conspiracy, his § 1986 claim against Defendant Wilsker is

due to be dismissed.

Plaintiff's claim for negligent supervision and retention likewise fails.  Under Florida

law, "negligent supervision and retention occurs when during the course of employment,

the employer becomes aware or should have become aware of problems with an

employee that indicates his unfitness and the employer fails to take further action such

as investigation, discharge, or reassignment." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d

1284, 1298 (M.D. Fla. 2006) (citation omitted).  Liability will thus attach when an employer

knew or should have known about the offending employee's unfitness and failed to take

the appropriate action.  *See id.* (citation omitted).  The "underlying wrong allegedly

committed by an employee in a negligent supervision or negligent retention claim must

be based on an injury resulting from a tort which is recognized under common law."

*Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999).

Jackman maintains Wilsker failed to correct other supervisors and employees

when they harassed and discriminated against him in violation of Title VII, 42 U.S.C. §

1981, and the FCRA.  These statutes are not common law causes of action recognized

by Florida law.  *See e.g. Castleberry v. Edward M. Chadbourne, Inc.,* 810 So.2d 1028,

1030 (Fla. 1st DCA 2002) (stating "Florida does not recognize a common law cause of

action for negligent failure to maintain a workplace free of sexual harassment" and

affirming summary judgment on negligence claims based on employees' propensity to

act in sexist, harassing, and retaliatory manner); *McElrath v. Burley,* 707 So.2d 836, 839

(Fla. 1st DCA 1998) (finding claims of employment discrimination and retaliatory

discharge did not exist at common law).  Because Jackman does not allege an underlying injury based on a common law tort, his state negligence claims cannot move forward. *Wheeler v. Blackbear Two, LLC*, No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2 (M.D. Fla. Aug. 21, 2012).

Last, Plaintiff asserts he brings a claim for false information negligently supplied for the guidance of others.  Florida recognizes such a claim.  *See* Morgan v. W.R. Crace & Co., 779 So.2d 503, 506 (Fla. 2d DCA 2000).  This cause of action requires plaintiff to prove six elements: "(1) defendant supplied false information in the course of defendant's business, profession, employment, or in any transaction in which defendant had an economic interest; (2) defendant was negligent in obtaining or communicating the false information; (3) plaintiff was a person for whose benefit and guidance defendant intended to supply the false information for use in plaintiff's business transaction; (4) defendant intended the false information to influence plaintiff in the business transaction; (5) plaintiff justifiably relied on the false information; and (6) the false information was a legal cause of loss, injury or damage to plaintiff."  *Mendez v. Land Inv'rs, Corp.*, No. 2:12-CV-158-FTM-29, 2014 WL 68486, at *13 (M.D. Fla. Jan. 8, 2014) (citation omitted).  Here, Plaintiff not only fails to set forth the above elements, but it is unclear how this cause of action relating to a business transaction applies to the facts of this employment discrimination case.  The claim is dismissed.

*5.  Counts II & IV – Eleventh Amendment Immunity*

Defendants next argue the 20th Judicial Circuit is immune from suit under Counts II (42 U.S.C. § 1981) and Count IV (42 U.S.C. §§ 1983 and 1985(3)).  The Court agrees. The Eleventh Amendment bars a suit against a state brought by a citizen of that state.

*See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  "This immunity from suit extends to 'arms of the State,' including state courts[.]" *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993).   Here, neither Florida, nor Congress has waived Eleventh Amendment immunity under 42 U.S.C. §§ 1981, 1983, and 1985.  *See Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1267 (M.D. Fla. 2016).  The Court finds that the §§ 1981, 1983, and 1985 claims asserted against the 20th Judicial Circuit are barred by the Eleventh Amendment.  *Henry v. Fla. Bar*, 701 F. App'x 878, 880-81 (11th Cir. 2017).

Accordingly, it is now

**ORDERED:**

1.  Defendants 20th Judicial Circuit Court Administration, Scott A. Wilkser, Suzanne Ederr, and Nichoel Forrett's Motion to Dismiss (Doc. 34) is **GRANTED**.

2.  The Amended Complaint is **DISMISSED** on shotgun pleading and substantive grounds.

    a.  Plaintiff has leave to amend and assert the following:

        i.  42 U.S.C. § 1983 claim against Defendants Wilsker, Ederr, and Forrett (Count I);

        ii. Civil conspiracy under 42 U.S.C. §§ 1983 and 1985(3) against Defendants Ederr and Forrett (Count IV);

        iii. 42 U.S.C. § 1986 claim against Wilsker (Count V);

        iv. Title VII and FCRA claims against Defendant 20th Judicial Circuit (Count I-III and VI-VIII).

    b.  All other claims are **DISMISSED with prejudice** for the reasons above.

3.  Plaintiff may file a Second Amended Complaint **on or before July 25, 2020**.  **If no Second Amended Complaint is filed, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

11