UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

        Plaintiff,

v.                                                                    Case No.:  2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT COURT
ADMINISTRATION, SCOTT A
WILSKER, SUZANNE EDERR and
NICHOEL FORRETT,

        Defendants.
_____/

### **OPINION AND ORDER**[1]

      Before the Court is Plaintiff Keiron Keith Jackman's ("Jackman") Request for Hearing and Reconsideration and Verified Motion to Disqualify Trial Judge. (Doc. 46; 51). For the following reasons, both motions are denied.

      This is a discrimination case under state and federal law. Jackman brings this *pro se* action against his former employer, 20th Judicial Circuit Court Administration, and its employees. As a black male, Jackman alleges he was treated less favorably than his white female colleagues while he was employed as a staff attorney. After two rounds of motions to dismiss, the Court extended Plaintiff another opportunity to amend. (Docs. 11; 41). Dissatisfied with these rulings, Jackman moved for reconsideration. (Doc. 46).

      Meanwhile, Jackman moved to extend the Court's deadline to file his Second Amended Complaint until it ruled on his motion for reconsideration. (Doc. 47). Jackman

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

attached an incomplete draft of his Second Amended Complaint to show his good faith in seeking the extended deadline. (Doc. 48). Filed as a separate document on the record, it was unclear whether this draft was the operative pleading. Magistrate Judge McCoy, taking the document titled, Second Amended Complaint, as the operative pleading, denied the motion for extension of time as moot. (Doc. 49). Jackman, dissatisfied with the Court's rulings, including Judge McCoy's, now moves to recuse the undersigned. (Doc. 51). The Court will address each motion below, start with Jackman's motion for reconsideration.

**A. Request for Hearing and Reconsideration (Doc. 46)**

Jackman argues the Court erred in granting Defendants' motions to dismiss. The Court disagrees.

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinary remedy used sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Under Rule 59(e), courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See* *McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010).

Jackman has shown no basis for reconsideration.   He has shown neither any intervening change in controlling law, nor new evidence that has become available.  He similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice.  Instead, Jackman uses this motion to re-litigate the issues the Court already considered and rejected.  What is more, a review of the law shows the Court has committed no mistake in interpreting the law or the facts.  At its core, Jackman's motion asks this Court to reassess its decision, meanwhile failing to consider why his arguments to the contrary failed.  The Court stands behind its findings and thus denies this motion.

And to the extent that Plaintiff moves for a hearing on any future motion to dismiss filed by Defendants, this request is denied as premature.  Plaintiff may move for a hearing, if warranted, at the appropriate time.

## B.  Verified Motion to Disqualify Trial Judge (Doc. 51)

Jackman next moves to recuse the undersigned from this case.  (Doc. 41).  First, he expresses dissatisfaction with the Court granting Defendants' motions to dismiss.  And second, he maintains Judge McCoy's ruling denying his motion for extension of time to file a Second Amended Complaint shows the undersigned does not read his pleadings. Both arguments fail.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned."  Any doubt "must be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

When considering recusal, the potential conflict must be considered as it applies to the entire case.  *See id.* at 1310-11.  A judge contemplating recusal should not ask whether she believes she can impartially preside over the case but whether "[the judge's] impartiality might reasonably be questioned."  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  But a judge has a duty to sit when there is no legitimate reason to recuse as when the law and facts require.  *See United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted).  Moreover, § 455(b) provides certain situations in which partiality is presumed and recusal is required.  If the judge reviews the enumerated conflicts of interest in which § 455(b) mandates recusal, and does not find that any apply, the judge must continue to preside over the case.  *See Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-cv-0913-WSD, 2006 WL 898180 at *4 (N.D. Ga. Apr. 6, 2006).

Based on the above and having analyzed Jackman's motion, the undersigned finds no reason to recuse from this case. First, none of the enumerated conflicts apply. Second, Plaintiff's mere dissatisfaction with the Court's rulings is not a basis for recusal. *See Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("[A]dverse rulings provide grounds for an appeal, not a recusal.")  And what is more, his displeasure with Judge McCoy's Order does not support a finding of a conflict of interest by the undersigned.  The motion to disqualify is denied.

## C. Plaintiff's Extension of Time and Final Instructions

Last, out of the abundance of caution, the Court will allow Jackman to file his Second Amended Complaint on or before September 30, 2020.  He is warned that the Court will not extend this deadline absent urgent circumstances.  **Plaintiff's filing must**

comply with the Court's July 10, 2020 Order (Doc. 41) addressing his prior pleading deficiencies.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Request for a Hearing and Reconsideration and Verified Motion to Disqualify Trial Judge (Docs. 46; 51) are **DENIED**.

2.  Defendants' Motion to Dismiss (Doc. 50) is **DENIED as moot**.

3.  Plaintiff must file his Second Amended Complaint on or before September 30, 2020.  **Failure to do so will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of September, 2020.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record