UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

      Plaintiff,

v.                                                                Case No.: 2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT
COURT ADMINISTRATION,
SCOTT A WILSKER, SUZANNE
EDERR, and NICHOEL
FORRETT,

      Defendants.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendants 20th Judicial Circuit Court Administration, Scott Wilsker, Suzanne Ederr, and Nichoel Forrett's Motion to Dismiss (Doc. 54) and pro se Plaintiff Keiron Jackman's response in opposition (Doc. 55).  The Court grants the Motion in part.

## BACKGROUND[2]

This is an employment discrimination case.  Jackman worked as a staff attorney for the Circuit.  Like all new staff attorneys, Jackman was on an initial

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Second Amended Complaint (the "Complaint") is the operative pleading.  (Doc. 53).  These are its allegations, which the Court accepts as true for now.  *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

probation for six months.  All of Jackman's coworkers were white and most were women.  His supervisor, Forrett, and (presumably) her boss, Ederr, are white women.  They hatched a plan to discriminate against Jackman, hinder his job performance, and treat him less favorably than other staff attorneys because he is a black man.  After doing so for months, they extended his probationary period and placed him on a performance improvement plan.  Eventually, Forrett, Ederr, and Wilsker (the Circuit's court administrator) fired Jackman.

Jackman sued.  The Court dismissed his initial complaint (Doc. 17) and its successor (Doc. 41).  Defendants move to dismiss again.  The Complaint brings nine claims.  The Circuit faces six claims: (1) discrimination under the Florida Civil Rights Act ("FCRA"), Title VII, and 28 U.S.C. §§ 1981 and 1983 (Count 1); (2) retaliation under § 1981 and Title VII (Count 2); (3) Title VII hostile work environment (Count 3); (4) FCRA sex discrimination (Count 7); (5) FCRA race discrimination (Count 8); and (6) FCRA retaliation (Count 9).  Jackman brings two claims against Forrett and Ederr: (1) discrimination under § 1983 (Count 4) and (2) conspiracy under § 1983, § 1985, and the Fourteenth Amendment (Count 5).  Finally, the Complaint asserts one claim against Wilsker for failing to remedy the conspiracy under § 1986 (Count 6).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Defendants move to dismiss on five bases. The Court takes each in turn.

### A. Shotgun Pleading

First, Defendants say the Complaint still flouts Rules 8 and 10. Jackman disagrees. While the Complaint is not a model of clarity, the Court agrees with Jackman. Neither the factual allegations nor Counts 3-9 are shotgun pleadings. Counts 1 and 2 are closer calls. Still, they do not transform the Complaint into a pleading the Rules prohibit. First, reading the Complaint as a whole, both Counts are only against the Circuit. *See* (Doc. 53 at 1 (identifying the Circuit as "Defendant"), 28-32). Second, each puts the Circuit on notice of the claims. And third, what could make them a shotgun pleading (collectively pleading several counts as a single claim) does not warrant outright dismissal of the entire Complaint with prejudice. Count 1 alleges discrimination under FCRA, Title VII, § 1981 and § 1983. Yet the Court already dismissed the §§ 1981 and 1983 claims against the Circuit. *See infra* p.4. And Counts 7 and 8 allege FCRA discrimination

too.  So after disregarding the dismissed and redundant portions, Count 1 is just a Title VII discrimination claim.  Likewise, Count 2 alleges retaliation under Title VII and § 1981.  But again, the Court already dismissed the § 1981 claim against the Circuit.  Thus, all that remains of Count 2 is Title VII retaliation.  So the Court denies the Motion as it relates to shotgun pleading.  Still, when repleading, Jackman should remove references to the claims he pled elsewhere or those already dismissed.

## B.  Individual Title VII and FCRA Liability

Second, Forrett, Ederr, and Wilsker argue they cannot be individually liable under Title VII or FCRA.  But as noted, the Complaint doesn't plead these claims against them.  *See also* (Doc. 55 at 5).  Regardless, the Court already ruled on Title VII and FCRA liability for those three.  (Doc. 41 at 4-5 ("Jackman's claims against Defendants Wilsker, Ederr, and Forrett in their individual and official capacities under Title VII and the FCRA are due to be dismissed.")).  The Court, therefore, denies the Motion in this regard.

## C.  Eleventh Amendment Immunity

Third, the Circuit seeks immunity for the §§ 1981 and 1985 claims.  Again, the Court already ruled on this matter.  (Doc. 41 at 9-10 ("The Court finds that the § 1981, 1983, and 1985 claims asserted against the 20th Judicial Circuit are barred by the Eleventh Amendment.")).  So the Motion is denied on this basis.  Yet Jackman should omit mention of those claims from his next complaint.

## D. Conspiracy

Fourth, Forrett and Ederr seek dismissal of Count 5, alleging conspiracy under § 1983, § 1985, and the Fourteenth Amendment.[3]  "A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010).  Under § 1985, plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (citation omitted); *see also Burrell v. Bd. of Trs. of Ga. Mil. Coll.*, 970 F.2d 785, 793-94 (11th Cir. 1992) (explaining racial or class-based discriminatory animus is necessary).  There are differences between the two causes of action.  *See Grider*, 618 F.3d at 1262 n.34.  Still, for either theory, there must be an alleged agreement, or meeting of the minds, between multiple individuals.  *Burrell*, 970 F.2d at 788-89.

Forrett and Ederr contend the claim fails because it hinges on employment discrimination allegations.  In doing so, they rely on a case holding plaintiffs cannot use § 1985(3) to enforce rights created by Title VII.  *Great Am. Fed. Sav. &*

---

[3] While the Complaint alleges this claim under both §§ 1983 and 1985, Jackman's briefing suggests it is only under § 1985. (Doc. 55 at 7-9)  Even so, the Court analyzes both.

*Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). Yet Jackman does not rest his conspiracy allegations solely on Title VII. The Complaint alleges the conspiracy deprived him of equal protection under the Fourteenth Amendment. It also contends the conspiracy infringed on his First Amendment rights, but that allegation is a bit unclear. At any rate, Title VII "does not preempt a constitutional cause of action under § 1985(3)." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 766 (11th Cir. 2000). So the Court concludes *Novotny* does not control and there are plausible allegations for the deprivation of constitutional (not Title VII) rights.

But Forrett and Ederr's challenge does not stop there. They also seek dismissal based on the intracorporate conspiracy doctrine. That doctrine postulates "a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Id.* at 767. The rationale beneath the doctrine is a recognition it is impossible for a "corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself." *Id.*

The intracorporate conspiracy doctrine applies "not only to private corporations but also to public, government entities." *Id.* What is more, it protects both public entities and their employees from suit. *Denney*, 247 F.3d at 1190. For the doctrine to apply, the employees must have acted within the scope of their employment. *Grider*, 618 F.3d at 1261. "The scope-of-employment inquiry is whether the employee . . . was performing a function that, but for the alleged

6

constitutional infirmity, was within the ambit of the [employee's] scope of authority (i.e., job-related duties) and in furtherance of the employer's business." *Id.* And it affects conspiracies under both §§ 1983 and 1985(3). *Id.*; *Detris v. Coats,* 523 F. App'x 612, 615 (11th Cir. 2013).

Jackman alleges Forrett and Ederr conspired with one another to discriminate against him based on his race and gender. But everything Forrett and Ederr allegedly did was part of their employment working for the Circuit.⁴ Neither side disputes that. So under a straightforward application of the intracorporate conspiracy doctrine, the claim is barred. *E.g.*, *Rehberg v. Paulk,* 611 F.3d 828, 854 (11th Cir. 2010) ("The 'conspiracy' occurred only within a government entity, and thus the intracorporate conspiracy doctrine bars" the claim.); *Nassar v. Fla. Dep't of Agric.,* 754 F. App'x 903, 907 (11th Cir. 2018).

The doctrine, however, is not without limitations. *See McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1041 (11th Cir. 2000) (excepting civil cases based on underlying criminal conspiracies) (en banc). Jackman contends one exception applies—"defendants' conduct 'involved a series of acts over time going well beyond simply ratification of a managerial decision by directors." *Dickerson,* 200 F.3d at 770 (quoting *Stathos v. Bowden,* 728 F.2d 15, 21 (1st Cir. 1984) (Breyer, J.)). Yet while the Eleventh Circuit recognized that doctrinal exception applies in other jurisdictions, it declined to answer whether to adopt the limitation.

---

⁴ To the extent that the Complaint alleges Wilsker and another staff attorney (Wallace) participated in the conspiracy, they were also Circuit employees.

*Id.* ("[W]e do not reach the issue of whether to adopt [the exception] in this circuit."). And the Eleventh declined to do so since then. *Grider*, 618 F.3d at 1263 ("[W]e, like the Court in *Dickerson*, do not reach the issue of whether to adopt" the exception.). So contrary to Jackman's contention, there is no binding precedent for his asserted exception.[5] Nor does any persuasive authority exist.

Because the Eleventh Circuit did not adopt the series of discriminatory acts exception, nearby courts typically refuse to apply it. *Doe v. Univ. of S. Ala.*, No. 17-0394-CG-C, 2020 WL 759895, at \*15-16 (S.D. Ala. Feb. 14, 2020) (holding "the 'series of [discriminatory] acts' exception does not apply in this circuit").[6] To be sure, some applied a different nonbinding exception (independent personal stake) that occupies a similar acknowledged-but-not-adopted status. *N.R. by Ragan v. Sch. Bd. of Okaloosa Cnty., Fla.*, 418 F. Supp. 3d 957, 1001-02 (N.D. Fla. 2019); *Williams v. Fulton Cnty. Sch. Dist.*, 181 F. Supp. 3d 1089, 1146-47 (N.D. Ga. 2016). Whereas, others refused to embrace that exception too. *Harris v. City of Boynton Beach*, No. 9:16-CV-80148-ROSENBERG/BRANNON, 2016 WL 3971409, at \*8-9 (S.D. Fla. July 25, 2016) (dismissing a conspiracy claim given "the absence of any applicable exception recognized and adopted by the Eleventh Circuit").[7] In any

---

[5] Jackman makes no argument for applying any other exception.

[6] *See also Bryant v. Jones*, 464 F. Supp. 2d 1273, 1289 (N.D. Ga. 2006), *rev'd on other grounds*, 575 F.3d 1281 (11th Cir. 2009); *Stafford v. Jaggers*, No. 1:08-CV-1732-TCB-AJB, 2008 WL 11319986, at \*2-3 (N.D. Ga. Oct. 8, 2008), *report & recommendation adopted*, 2009 WL 10664770 (Jan. 13, 2009).

[7] Carter v. City of Melbourne, No. 6:11-cv-824-Orl-22DAB, 2012 WL 12896254, at \*6 (M.D. Fla. Mar. 29, 2012); Jones v. City of College Park, Ga., 540 F. Supp. 2d 1300, 1321-22 (N.D. Ga. 2007).

event, the personal stake limitation at least has roots in Eleventh Circuit precedent. *H&B Equip. Co. v. Int'l Harvester Co.*, 577 F.2d 239, 244 (5th Cir. 1978) ("An exception to the rule exists for the rare instance in which employees have an independent personal stake in achieving the object of the conspiracy."). Unlike that situation, the series of discriminatory acts exception has apparently never been adopted by any court within this Circuit.

What is more, the basis for such an exception is untenable. The intracorporate conspiracy doctrine bars suit by "negating the multiplicity of actors necessary." *See McAndrew*, 206 F.3d at 1036. In other words, because an entity and its employees are all considered a single entity, their relationship vitiates the bedrock requirement of a conspiracy (i.e., meeting of the minds between two or more actors). *See id.* But this says nothing about the number of acts needed to support the conspiracy. In rejecting the series of discriminatory acts exception, Judge Easterbrook reasoned this limitation is misplaced because liability "depends on multiple *actors*, not on multiple *acts* of discrimination." *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990). *Travis* explained if the intracorporate conspiracy doctrine applies to civil rights cases at all, then the distinction between single and several acts is one without a difference. *Id.* ("[W]e conclude that it does not matter whether the corporate managers took multiple steps to carry out their plan."). Because the Eleventh Circuit applies the doctrine to civil rights cases and has not adopted the exception Jackman asserts, the conspiracy claim fails.

In sum, the Court joins the other in-Circuit district courts that refuse to adopt the series of discriminatory acts exception with no indication it should apply. Count 5, therefore, is dismissed with prejudice.

### E.  Negligent Failure to Remedy

Fifth and finally, Wilsker wants Count 6 (failing to remedy the conspiracy under § 1986) dismissed.  "Section 1986 claims are therefore derivative of § 1985 violations."  *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Because the conspiracy claim fails, this one does too.  (Doc. 41 at 7-8); *Higdon v. Tusan*, 746 F. App'x 805, 813 (11th Cir. 2018).

Also, the Complaint says Wilsker's actions amounted to "negligent failure to remedy discrimination and harassment and prevent a conspiracy." (Doc. 53 at 37). From his briefing, it appears Jackman tried to bring claims under Florida law for negligent misrepresentation, negligent retention or supervision, and information negligently supplied for the guidance of others.  (Doc. 55 at 9-10).  Like the last pleading, however, it is unclear where the Complaint alleges these.  Count 6 alleges a § 1986 claim, and the allegations relate to that cause of action.  But Count 6 does not provide notice of the state-law claims identified in the briefing.  Previously, the Court cautioned Jackman that "it is the pleading, not the briefing on a motion to dismiss, that must state a claim." (Doc. 41 at 7).  All the same, a previous Order discussed the claims raised in the briefing and explained why the pleading was deficient.   In doing so, it explained how similar negligent failure to remedy discrimination and harassment allegations failed.  (Doc. 41 at 8-9).  Despite the

opportunity to replead and state the claims, the Complaint still does not allege those state-law causes of action.  So Count 6 is dismissed with prejudice.

Because Jackman has several surviving causes of action, he may replead to remove all references to dismissed or redundant claims.

Accordingly, it is now

**ORDERED:**

(1)  Defendants' Motion to Dismiss with Prejudice (Doc. 54) is **GRANTED in part**.

        a.  Counts 5 and 6 are **DISMISSED with prejudice**.

        b.  The balance of the Motion is **DENIED**.

(2)  Plaintiff must **FILE** an amended complaint in accordance with this Order **on or before November 11, 2020**.  **The failure to file an amended complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

11