UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

    Plaintiff,

v.                                     Case No.: 2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT
COURT ADMINISTRATION,
SCOTT A WILSKER, SUZANNE
EDERR and NICHOEL
FORRETT,

    Defendants.
_____/

## ORDER[1]

Before the Court is Plaintiff Keiron Jackman's Motion for Reconsideration or Clarification of Plaintiff's Motion to Disqualify Trial Judge (Doc. 56). The Motion is denied.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citation omitted). Courts generally recognize three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and (3) the need to correct clear error or manifest injustice." *Id.* "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 896 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). And district courts have discretion to grant reconsideration. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

The Court concludes there is no basis to reconsider. When ruling on a previous motion to dismiss, the Court found one of Jackman's claims was insufficiently pled. So the Court dismissed the claim with leave to amend. Again, Jackman contends the Court's conclusion calls its impartiality into question. But as explained in the Order on the motion to disqualify, adverse rulings alone are generally not a basis for recusal. *Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Jackman may disagree with the soundness of the Court's decision to dismiss one of his claims with leave to amend. But it does not present a circumstance where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). Nor is this an instance "that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 200). So recusal is not warranted, and the Motion is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration or Clarification of Plaintiff's Motion to Disqualify Trial Judge (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3