UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

    Plaintiff,

v.                                  Case No: 2:19-cv-828-FtM-38MRM

20TH JUDICIAL CIRCUIT
COURT ADMINISTRATION,
SCOTT A WILSKER, SUZANNE
EDERR and NICHOEL
FORRETT,

    Defendants.
_____/

# ORDER[1]

Before the Court is pro se Plaintiff Keiron Jackman's Sworn Motion for Hearing and Reconsideration (Doc. 64). Defendants did not respond. The Court grants the Motion in part.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

(citation omitted). Courts generally recognize three bases for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 896 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). And district courts have discretion to grant reconsideration. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

Jackman contends the Court should reconsider its previous Order (the "Order"), which dismissed his claims for a civil rights conspiracy under the intracorporate conspiracy doctrine. (Doc. 57 at 5-10). The bulk of that discussion was on an exception to the doctrine Jackman argued for. But the Court does not see a need to reconsider that analysis. Nor does the Court need to address other exceptions Jackman failed to raise before. Instead, the Court finds reconsideration is proper based on new evidence. Specifically, Jackman points to new evidence of Defendants conspiring with people outside their governmental entity. This is important because the intracorporate conspiracy doctrine does not apply at all in that circumstance. *See Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767-68 (11th Cir. 2000). So none of the doctrinal exceptions even come into play.

Given the relevance of the new allegations and considering Jackman's pro se status, the Court will grant the Motion in part and allow Jackman to plead Count 5 from his Second Amended Complaint. While not addressed, the Court will liberally construe the Motion as requesting reconsideration of Count 6 (which was dismissed in part because of the dismissal of Count 5). So Jackman may reallege Count 6 as well, but he should note the Order's discussion on his attempt to raise separate state-law claims as part of Count 6. (Doc. 57 at 10-11). Jackman filed a Third Amended Complaint already, asserting Counts 5 and 6. (Doc. 67). It is unclear if he intends that filing to act as the operative pleading after this ruling or if this was simply an effort to comply with Judge McCoy's now-discharged Order to Show Cause (Docs. 63; 65). Out of an abundance of caution, the Court will allow Jackman to either file a new amended complaint or a notice of his intent to proceed with the Third Amended Complaint (Doc. 67) as the operative pleading. Afterward, Defendants can respond.[2]

To whatever extent Jackman seeks to renew his motion to disqualify, however, the Motion is denied. Jackman claims the Order exceeded argument raised by Defendants. Specifically, Jackman questions the Court saying the parties did not dispute Defendants acted within the scope of their employment

---

[2] While Defendants answered the Third Amended Complaint, the pleading is based (in part) on the Court's previous dismissal of Count 5. (Doc. 68)

3

(a requirement for the intracorporate conspiracy doctrine).  But the Order said the parties didn't dispute that because, quite simply, there was no dispute on the issue in their briefing.  Nor did the Court's effort to liberally construe Jackman's pleading determine he made such allegations.  All the same, as this Court stated several times, disagreement with a ruling is rarely a basis to recuse.  Thus, the Motion is denied in this regard.

Finally, Jackman's request for a hearing is denied.  The Court understands Jackman is frustrated there have not been hearings on any motions.  But unlike the state system, hearings on motions in federal court are not a given outside certain situations.  The Middle District has a Local Rule enshrining that fact: "Motions and other applications will ordinarily be determined by the Court on the basis of the motion papers and briefs or legal memoranda."  Local Rule 3.01(j).  As the Court does not find a hearing necessary, the request for one is denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Sworn Motion for Hearing and Reconsideration (Doc. 64) is **GRANTED in part**.  Plaintiff may allege the previously dismissed Counts 5 and 6 from his Second Amended Complaint.

(2) Plaintiff must **FILE** an amended complaint **on or before January 11, 2021**.  **ALTERNATIVELY**, if Plaintiff intends to proceed on the

4

Third Amended Complaint (Doc. 67), he must **FILE** a notice to that effect **on or before January 11, 2021**.

(3) After Plaintiff clarifies the operative pleading, Defendants must **RESPOND** accordingly **on or before January 25, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 29, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record