UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

    Plaintiff,

v.                                Case No.:  2:19-cv-828-SPC-MRM

20TH JUDICIAL CIRCUIT COURT
ADMINISTRATION, SCOTT A
WILSKER, SUZANNE EDERR and
NICHOEL FORRETT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte* upon review of the docket. On July 2, 2021, the Court entered an Omnibus Order requiring Plaintiff to provide Defendants with four dates that he would be available to sit for a second deposition. (*See* Doc. 108). Defendants filed a motion for sanctions alleging that Plaintiff failed to comply with the Court's Order. (*See* Doc. 111). Therefore, on July 23, 2021, the Court ordered Plaintiff to file a notice stating four dates that he would be available to sit for a second deposition and warned Plaintiff that failure to comply may result in the imposition of sanctions, "including but not limited to the dismissal of Plaintiff's claims." (Doc. 112). Again, Plaintiff failed to comply with the Court's Order. Accordingly, on August 5, 2021, the Court entered an Order requiring Plaintiff to show cause as to why he failed to respond to the Court's July 23, 2021 and July 2, 2021 Orders. (Doc. 113). For a third time, Plaintiff failed to comply with or respond

to this Court's Order. Thus, upon review of the docket and for the reasons stated herein, the Undersigned recommends that the Second Amended Complaint (Corrected) (Doc. 73) be **DISMISSED without prejudice**.

I.     Background

A brief procedural history of this case is instructive. On November 15, 2019, Plaintiff, an attorney proceeding *pro se*, filed a three-count Complaint. (Doc. 1). Thereafter, on January 19, 2021, Plaintiff filed his Second Amended Complaint (Corrected), which is the operative pleading. (Doc. 73). The Second Amended Complaint (Corrected) asserts the following claims for relief: (1) "Discrimination in Violation of the Florida Civil Rights Act and Title VII of the Civil Right [sic] Act of 1964, & the Civil Rights Acts of 1866 and 1871," (*id.* at 28-30); (2) "Retaliation in Violation of 42 USCS [sic] § 1981 & 42 U.S.C. § 2000e, et seq.," (*id.* at 31-33); (3) "Hostile Work Environment," (*id.* at 33-34); (4) "Intentional Discrimination by State Actors § 1983," (*id.* at 34-36); (5) "Conspiracy in Violation the [sic] Civil Rights Act of 1871, 42 U.S.C.S. § 1985 and the Fourteenth Amendment," (*id.* at 36-39); (6) "§ 1986 and Negligent Supervision or Negligent Retention Under Florida Law," (*id.* at 39-40); (7) "Florida Civil Rights Act of 1992 Chapter 760, Florida Statutes Sex Discrimination," (*id.* at 40-41); (8) "Florida Civil Rights Act of 1992 Chapter 760, Florida Statutes Race Discrimination," (*id.* at 41); and (9) "Florida Civil Rights Act of 1992 Chapter [*17] [sic] 760, Florida Statutes Retaliation," (*id.* at 42).

After Plaintiff filed the operative complaint, on February 22, 2021, the Court extended the case management discovery deadline from March 2, 2021, to June 2, 2021.  (*See* Docs. 78, 79; *see also* Doc. 19).  Then, on July 2, 2021, the Court entered an Omnibus Order extending the discovery deadline to August 16, 2021, and ordered Plaintiff to provide Defendants with four dates that he would be available to sit for a second deposition.  (Doc. 108).

On July 22, 2021, Defendants filed a motion for sanctions asserting that Plaintiff failed to comply with the Court's July 2, 2021 Omnibus Order.  (Doc. 111).  On July 23, 2021, the Court denied Defendants' motion, but ordered Plaintiff to file a notice stating four dates that he would be available to sit for a second deposition and warned Plaintiff that failure to comply may result in the imposition of sanctions, "including but not limited to the dismissal of Plaintiff's claims."  (Doc. 112).  Plaintiff failed to comply with the Court's July 23, 2021 Order.

Accordingly, on August 5, 2021, the Court entered an Order requiring Plaintiff to show cause as to why he failed to respond to the Court's July 23, 2021 and July 2, 2021 Orders.  (Doc. 113).  The August 5, 2021 Order again warned Plaintiff that "failure to comply fully with this Order will result in the Undersigned recommending that [Plaintiff's] case be dismissed for failure to prosecute."  (*Id.*).  For a third time, Plaintiff failed to comply with or respond to this Court's Order.  (*See* Docs. 108, 112, 113).

## II.     Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit continued that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

### III. Analysis

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure to comply timely with the Court's Orders and to heed the Court's instructions is willful. *See McKelvey*, 789 F.2d at 1520.

Specifically, on June 2, 2021, Defendants filed a motion requesting an extension of the case management discovery deadline and requesting that Plaintiff be compelled to sit for a second deposition. (Doc. 102). On June 17, 2021, after Plaintiff failed to respond to Defendants' motion within the time required by M.D. Fla. R. 3.01(c), the Court ordered Plaintiff to: (1) show cause for his failure to respond; and (2) respond to Defendants' motion seeking leave to compel a second deposition. (*See* Doc. 105). Plaintiff failed to comply with or respond to the June 17, 2021 Order. Accordingly, on July 2, 2021, the Court construed Defendants' motion to compel Plaintiff to sit for a second deposition as unopposed, *see* M.D. Fla. R. 3.01(c), and ordered Plaintiff to provide Defendants with four dates between August 2, 2021 and August 13, 2021, during which he would be available to sit for a second deposition. (Doc. 108).

On July 22, 2021, Defendants filed a motion for sanctions stating that Plaintiff failed to comply with the Court's July 2, 2021 Order requiring him to provide dates for his second deposition. (Doc. 111). On July 23, 2021, the Court denied without prejudice Defendants' motion, but ordered Plaintiff to "file a notice with the Court no later than [July 28, 2021], stating (1) four dates that he is available for a second deposition between [August 2, 2021] and [August 13, 2021], (*see* Doc. 108), and (2) why he failed to comply with this Court's previous Order (Doc. 108) by the [July 16, 2021] deadline." (Doc. 112). Additionally, the Court expressly warned Plaintiff that if he "fails to comply with this Order, the Court may impose sanctions against him, including but not limited to the dismissal of Plaintiff's claims." (*Id.*). Plaintiff failed to respond to the Court's July 23, 2021 Order.

Thus, on August 5, 2021, the Court entered an Order requiring Plaintiff to file a notice no later than August 12, 2021, "that: (1) shows cause as to why he failed to respond to the Court's July 23, 2021 Order (Doc. 112) requiring him to file a notice stating four dates that he is available for deposition; (2) shows cause as to why he failed to comply with this Court's July 2, 2021 Order (Doc. 108) requiring him to provide Defendants with four dates that he would be available for depositions; and (3) provides four dates that he is available for a second deposition between [August 16, 2021] and [August 27, 2021]." (Doc. 113). The Court also expressly warned Plaintiff that "failure to comply fully with this Order will result in the Undersigned recommending that his case be dismissed for failure to prosecute." (*Id.*). The docket

6

shows that Plaintiff failed to comply with or respond to the Court's August 5, 2021 Order.

In sum, Plaintiff failed to respond to or comply with: (1) the Court's June 17, 2021 Order to show cause, (Doc. 105); (2) the Court's July 2, 2021 Omnibus Order, (Doc. 108); (3) the Court's July 23, 2021 Order, (Doc. 112); and (4) the Court's August 5, 2021 Order to show cause, (Doc. 113). Moreover, Plaintiff failed to respond despite the Court's unambiguous warning of potential dismissal in the July 23, 2021 and August 5, 2021 Orders. (*See* Docs. 112, 113).

The Undersigned can only find that Plaintiff's failure to comply with this Court's repeated Orders is willful.

Notably, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)).

Here, several of Plaintiff's claims may not survive their respective statutes of limitations: (1) Title VII claims—within 90 days after receipt of the EEOC "right-to-sue" letter, *see* 42 U.S.C. § 2000e-5(f)(1); (2) 42 U.S.C. §§ 1981, 1983, and 1985 claims—four-year statute of limitations from the date the claim accrued in Florida, *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (statute of limitations for §§ 1983 and 1985 claims); *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1481 (11th Cir. 1988) (statute of limitations for § 1981 claims); and (3) Florida Civil Rights Act

7

claims—four-year statute of limitations from the date the claim accrued, *see Seale v. EMSA Corr. Care, Inc.*, 767 So. 2d 1188, 1189 (Fla. 2000). While the exact date that Plaintiff's claims accrued is not clear from the pleadings, most of Plaintiff's allegations arise from conduct in 2014, 2015, and 2016. (*See* Docs. 1, 73). Thus, the statute of limitations may have lapsed as to most, if not all, of Plaintiff's claims.[2]

Nevertheless, the risk that Plaintiff's claims may be barred by statutes of limitations does not undermine the Undersigned's finding that dismissal is appropriate in light of the above finding that Plaintiff's failure to comply with the Court's Orders was willful.

Moreover, the Undersigned finds that lesser sanctions will not suffice. The instant litigation has been ongoing for nearly two years, Plaintiff's conduct has necessitated multiple discovery motions and Orders (*see* Docs. 77, 80, 81, 88, 92, 94, 105, 108, 111, 112, 113), and Plaintiff's recent refusal to engage in basic discovery occurs on the eve of the case management deadlines for completing discovery and filing dispositive motions, (*see* Docs. 79, 110), which has caused an unacceptable delay in the resolution of the action. The Court has directly ordered Plaintiff to comply with his obligations in this case multiple times and Plaintiff has entirely ignored those Orders. (*See* Docs. 105, 108, 112, 113). Moreover, two of those Orders expressly warned that failure to comply may result in dismissal of Plaintiff's

---

[2] Notwithstanding the potential that Plaintiff's claims may be barred by statutes of limitations, the Undersigned recommends dismissal without prejudice so Plaintiff can re-assert any claim not barred by a statute of limitations.

claims. If the express warning of the potential for dismissal for failure to prosecute is insufficient to convince Plaintiff to actively prosecute his claims and comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Plaintiff's compliance.

Accordingly, because Plaintiff's noncompliance with the Court's Orders has been willful and because lesser sanctions would be ineffective, the Undersigned recommends that Plaintiff's case be dismissed without prejudice.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Second Amended Complaint (Corrected) (Doc. 73) be **DISMISSED without prejudice** for failure to comply with the Court's Orders and failure to prosecute.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on August 19, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's

failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties