# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KEIRON KEITH JACKMAN,

      Plaintiff,

v.                                                              Case No: 2:19-cv-828-SPC-MRM

20TH JUDICIAL CIRCUIT
COURT ADMINISTRATION,
SCOTT A WILSKER, SUZANNE
EDERR and NICHOEL
FORRETT,

      Defendants.

                                            /

## **ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R") (Doc. 114). Judge McCoy recommends dismissing this action without prejudice because Plaintiff failed to comply with Court Orders or prosecute his claims. Neither party timely objected, so the matter is ripe for review.[2]

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Because the Court served the R&R on Plaintiff by mail, he had three extra days to object (i.e., seventeen days). Fed. R. Civ. P. 6(d); *Jackson v. Sec'y of Fla. Dep't of Corr.*, 791 F. App'x 1, 2 & n.1 (11th Cir. 2019); *Riley v. HSBC Bank PLC*, No. 8:18-cv-1212-T-23SPF, 2018 WL 5084725, at *1 (M.D. Fla. Oct. 3, 2018). Still, Plaintiff failed to object in time.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations, 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

After careful consideration and an independent review of the file, the Court accepts and adopts the well-reasoned R&R in full. Judge McCoy did yeoman's work to keep the case on track. And he afforded Plaintiff every opportunity to litigate this action. These endeavors included multiple extensions of time (even in the face of Plaintiff's complete silence). Yet Plaintiff's willful delay by failing to comply or prosecute eviscerated any effort to move the case forward—despite ample warnings over the result. So the Court concludes Judge McCoy got it right: dismissal without prejudice is appropriate because lesser sanctions would not suffice given this clear pattern of willful noncompliance.

Tellingly, Plaintiff never objected to those factual findings. This not only buttresses the R&R's findings; it also likely waives most (if not all) of Plaintiff's right to appeal them. *E.g.*, *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020). The R&R specifically warned Plaintiff of that too. (Doc. 114 at 9-10). Notably, as the R&R stated, Plaintiff is not a typical pro se litigant—he is a licensed attorney. (Docs. 115-15 at 7-8, 43; 115-6 at 1). This only supports the conclusion Plaintiff's serial noncompliance militates in favor of dismissal.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 114) is **ACCEPTED and ADOPTED** and incorporated into this Order.
2. This action is **DISMISSED without prejudice** for failure to comply with Court Orders and failure to prosecute.
3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 8, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record